528 P.2d 1280

**CITIZEN PUBLISHING COMPANY, an Arizona corporation, and James R. Laughead, Petitioners,**

v.

**The Honorable Robert BUCHANAN, a Pima County Superior Court Judge, Respondent;**

**Harold G. CARSTENSEN and State of Arizona, Real Parties in Interest.**

**No. 2 CA–CIV 1798.**

Court of Appeals of Arizona, Division 2.

Dec. 12, 1974.

Robertson, Molloy, Fickett & Jones, P. C., by Michael J. Meehan, Tucson, for petitioners.

Robert J. Hirsh, P.C., by Robert J. Hirsh, Tucson, for respondent and real parties in interest.

OPINION

PER CURIAM.

In this special action the petitioners challenge the order of the trial court excluding the press and all spectators from the trial in the case of State of Arizona v. Carstensen.

The defendant Carstensen, a gynecologist is charged with rape and lewd and lascivious conduct. Both the prosecution and the defense requested the court to close the trial under Rule 9.3b, Arizona Rules of Criminal Procedure, 17 A.R.S. The foregoing rule permits the trial court to close the trial to the public and the press if it finds "that an open proceeding presents a *clear* and *present* danger." Although the court made such a finding in this case, we believe that the trial court went too far in excluding the press. The most the record demonstrates is that the testimony which will be elicited may be embarrassing to the witnesses. There was very little pretrial publicity in this case. As far as the presence of spectators at the trial is concerned, it would appear that the record does indicate that the trial will appeal to the morbid and prurient and the court did not exceed its jurisdiction in excluding the public. See Phoenix Newspapers, Incorporated v. Jennings, 107 Ariz. 557, 490 P.2d 563 (1971). But this does *not* justify excluding the press.

Although we do not believe the record shows a "clear and present danger" justifying exclusion of the press, there is still the possibility of sequestering the jury, a possibility which was never explored.

If counsel concludes that sequestration of the jury is required, that alternative is still available.

That part of the order denying the press the right to be present at the trial is set aside.